UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREAS AROS, individually and on Behalf of other similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 310-CV-00073 (JCH) |
| | : | |
| UNITED RENTALS, INC. and UNITED RENTALS (NORTH AMERICA) INC., | : | |
| | : | |
| Defendants. | : | JULY 13, 2010 |

## AFFIDAVIT OF WILLIAM J. ANTHONY

WILLIAM J. ANTHONY, being duly sworn and according to law, deposes and says:

1.    I am an attorney associated with Jackson Lewis LLP in Hartford, Connecticut, who is counsel in this action for Defendants United Rentals, Inc. and United Rentals (North America) Inc. ("United Rentals" or "Defendants").  This Affidavit is submitted in support of Defendants' Memorandum In Opposition To Plaintiff's Motion To Create A Conditional Opt-In Class And Authorize Notice to Putative Class Members ("Opposition").

2.    Defendants' Opposition is premised, in part, on the testimony adduced at Plaintiff Andreas Aros's deposition.  I affirm that true and correct copies of the pages from the deposition of Mr. Aros, dated June 3, 2010, which are cited in Defendants' Opposition, are attached hereto as Exhibit A.  Exhibits 2 and 10 from the Aros Deposition are at Tabs 1 and 2 of Exhibit A.

3.    Defendants' Opposition is premised, in part, on the testimony adduced at Craig Pintoff's deposition.  I affirm that true and correct copies of the pages from the deposition of Mr. Pintoff,

dated May 20, 2010, which are cited in Defendants' Opposition, are attached hereto as Exhibit B. Exhibit 4 from the Pintoff Deposition is at Tab 1 of Exhibit B.

4.       Defendants' Opposition is premised, in part, on the affidavit of Craig Pintoff.  I affirm that a true and correct copy of the Pintoff Affidavit, dated July 9, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit C.

5.       Defendants' Opposition is premised, in part, on the declaration of Michelle Smith.  I affirm that a true and correct copy of the Smith Declaration, dated June 30, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit D.

6.       Defendants' Opposition is premised, in part, on the declaration of Edwin Petry.  I affirm that a true and correct copy of the Petry Declaration, dated June 28, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit E.

7.       Defendants' Opposition is premised, in part, on the declaration of Daniel Molzan.  I affirm that a true and correct copy of the Molzan Declaration, dated July 8, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit F.

8.       Defendants' Opposition is premised, in part, on the declaration of Katherine Drenski.  I affirm that a true and correct copy of the Drenski Declaration, dated July 7, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit G.

9.       Defendants' Opposition is premised, in part, on the declaration of Alfred Guggino.  I affirm that a true and correct copy of the Guggino Declaration, dated July 8, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit H.

10.      Defendants' Opposition is premised, in part, on the declaration of Wade Whittemore.  I affirm that a true and correct copy of the Whittemore Declaration, dated July 1, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit I.

11.     Defendants' Opposition is premised, in part, on the declaration of Josh Johnson.  I affirm that a true and correct copy of the Johnson Declaration, dated June 31 [*sic*], 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit J.

12.     Defendants' Opposition is premised, in part, on the declaration of Phillip Senior.  I affirm that a true and correct copy of the Senior Declaration, dated July 8, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit K.

13.     Defendants' Opposition is premised, in part, on the declaration of Richard Toaso.  I affirm that a true and correct copy of the Toaso Declaration, dated July 8, 2010, which is cited in Defendants' Opposition, is attached hereto as Exhibit L.

14.     I affirm that a true and correct copy of Basco v. Wal-Mart Stores, Inc., No. Civ.A. 00-3184, 2004 WL 1497709 (E.D. La. July 2, 2004), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 1).

15.     I affirm that a true and correct copy of Cano v. Four M Food Corp., No. 08 Civ. 3005 (JFB) (AKT), 2009 WL 5710143 (E.D.N.Y. Feb. 3, 2009) obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 2).

16.     I affirm that a true and correct copy of Dean v. Priceline.com, Inc., No. 3:00CV1273 (DJS), 2001 U.S. Dist. LEXIS 24982 (D. Conn. Mar. 9, 2001), obtained from the LEXIS database, is attached hereto at Exhibit M (Tab 3).

17.     I affirm that a true and correct copy of Diaz v. Electronics Boutique of Am., Inc., No. 04-CV-0840E(Sr), 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 13, 2005), obtained from the LEXIS database, is attached hereto at Exhibit M (Tab 4).

18.     I affirm that a true and correct copy of Donihoo v. Dallas Airmotive, Inc., No. 3:97-CV-0109-P, 1998 U.S. Dist. LEXIS 2318 (N.D. Tex. Feb. 23, 1998), obtained from the LEXIS

database, is attached hereto at Exhibit M (Tab 5).

19.     I affirm that a true and correct copy of <u>El v. Potter</u>, No. 01 Civ. 6125, 2004 WL 2793166 (S.D.N.Y. Dec. 6, 2004), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 6).

20.     I affirm that a true and correct copy of <u>Gomez v. United Forming, Inc.</u>, No. 6:09-cv-576-Orl-31GJK, 2009 WL 3367165 (M.D. Fla. Oct 15, 2009), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 7).

21.     I affirm that a true and correct copy of <u>Gonzalez v. El Acajutla Restaurant, Inc.</u>, No. CV 04-1515, 2007 WL 869583 (E.D.N.Y. Mar. 20, 2007), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 8).

22.     I affirm that a true and correct copy of <u>Harris v. Fee Transp. Servs., Inc.</u>, No. 3:05CV0077-P, 2006 WL 1994586 (N.D. Tex. May 15, 2006), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 9).

23.     I affirm that a true and correct copy of <u>Hendricks v. J.P. Morgan Chase Bank, N.A</u>, No. 3:09-CV-613 (JCH), 2009 WL 5170180 (D. Conn. Dec. 15, 2009), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 10).

24.     I affirm that a true and correct copy of <u>McLaughlin v. Boston Harbor Cruises, Inc.</u>, No. 03-10905, 2006 WL 1998629 (D. Mass. July 17, 2006), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 11).

25.     I affirm that a true and correct copy of <u>Mares v. Caesars Entertainment, Inc.</u>, No. 4:06-cv-0060-JDT-WGH, 2007 WL 118877 (S.D. Md. Jan. 10, 2007), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 12).

26.     I affirm that a true and correct copy of <u>Powers v. Centennial Communications Corp.</u>, No. 1:08-cv-208-PPC, 2009 U.S. Dist. LEXIS 116819 (N.D. Ind. Dec. 14, 2009), obtained from the LEXIS database, is attached hereto at Exhibit M (Tab 13).

27.     I affirm that a true and correct copy of <u>Rappaport v. Embarq Mgmt. Co.</u>, No. 6:07-CV-468, 2007 WL 4482581 (M.D. Fla. Dec. 18, 2007), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 14).

28.     I affirm that a true and correct copy of <u>Rodgers v. CVS Pharmacy, Inc.</u>, 2006 WL 752831 (M.D. Fla. 2006), obtained from the LEXIS database, is attached hereto at Exhibit M (Tab 15).

29.     I affirm that a true and correct copy of <u>Trinh v. JP Morgan Chase & Co.</u>, No. 07-CV-1666 W (WMC), 2008 U.S. Dist. LEXIS 33016 (S.D. Cal. Apr. 22, 2008), obtained from the LEXIS database, is attached hereto at Exhibit M (Tab 16).

30.     I affirm that a true and correct copy of <u>Ulysse v. Divosta Bldg. Corp.</u>, No. 06-80338-CIV-RYSKAMP/VITUNAC, 2006 WL 3618449 (S.D. Fla. Dec. 7, 2006), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 17).

31.     I affirm that a true and correct copy of <u>West v. Border Foods, Inc.</u>, No. 05-2525 (DWF/RLE), 2006 WL 1892527 (D. Minn. July 10, 2006), obtained from the Westlaw database, is attached hereto at Exhibit M (Tab 18).

32.     To the best of my knowledge, Plaintiff's counsel Richard Hayber has maintained a website page advertising this lawsuit since filing this case on or about January 15, 2010.  The website page is located at:  http://www.hayberlawfirm.com/classactions/unitedrentals.html.  The website page describes the allegations of the lawsuit and invites other Operations Managers to join the lawsuit by filing opt-in consents.  The website page includes contact information for Plaintiff's counsel and a link to an opt-in form for putative class members to fill out and send to

Plaintiff's counsel.

33.   Pursuant to the discovery of this case, Defendants have produced to Plaintiff more than eight thousand pages of documents.  As of the date of this affidavit, Plaintiff noticed only one 30(b)(6) deposition.   Defendants produced Craig Pintoff for that deposition, which was conducted on May 20, 2010.  Plaintiff could have noticed additional depositions but has not done so.

I have read the foregoing and it is true to the best of my knowledge and belief.

WILLIAM J. ANTHONY

Sworn and subscribed to before me
this /3ᵗʰ day of July, 2010.

Commissioner of the Superior Court/Notary Public
My Commission Expires On:

4830-0536-4038, v. 1

**ROSEANN M. BELANGER**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES AUG. 31, 2014

6