**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                          |   |                        |
|--------------------------|---|------------------------|
|                          | : | CIVIL ACTION NO.       |
| ANDREAS AROS,            | : | 3:10-CV-73 (JCH)       |
| Plaintiff,               | : |                        |
|                          | : |                        |
| v.                       | : |                        |
|                          | : |                        |
| UNITED RENTALS, INC., ET AL., | : | SEPTEMBER 23, 2010 |
| Defendants.              | : |                        |

**RULING RE: MOTION FOR CONDITIONAL CERTIFICATION OF**
**FLSA COLLECTIVE ACTION (Doc. No. 25)**

## I.    INTRODUCTION

Plaintiff Andreas Aros ("Aros") brings this action against his former employers,

defendants United Rentals, Inc., and United Rentals (North America) Inc. (collectively,

"United Rentals").  In his one-count Complaint, Aros alleges that United Rentals failed

to pay him overtime wages while he was employed as an "Operations Manager," in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and the

Connecticut Minimum Wage Act.[1]  On June 15, 2010, Aros filed a "Motion for

Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the

FLSA" (Doc. No. 25) (hereinafter "Motion for Conditional Certification"), which seeks to

conditionally certify an FLSA collective action on behalf of similarly situated United

Rentals employees and requests the court to authorize notice to be sent to prospective

collective action members.  For the reasons that follow, Aros's Motion for Conditional

Certification is granted, except with regard to the approval sought for the proposed

_____

[1] The instant Motion does not concern the Connecticut Minimum Wage Act claim.  See Motion for Conditional Certification.

notice.

## II.   FACTUAL BACKGROUND

### A.   United Rentals

United Rentals is an equipment rental company that maintains "over 500 branch locations" across the United States.  Memorandum in Opposition to Motion for Conditional Certification ("Mem. in Opp.") at 3.   As of December 31, 2009, it employed approximately 8,000 people.  Memorandum in Support of Motion for Conditional Certification ("Mem. in Supp.") at 2.  United Rentals sells, rents, and services various types of equipment, including (but not limited to) construction and electrical machinery. Mem. in Opp. at 3.

### B.   The Operations Manager Position

United Rentals employs "Operations Managers" in its branch offices nationwide. In theory, Operations Managers are responsible for managing other employees, and, inter alia, "driving the performance of the branch."  Mem. in Opp. at 4; see also Deposition of Craig Pintoff at 125:6-8 ("To me . . .the unifying factor is their management responsibilities.").  More specifically, the day-to-day responsibilities of Operations Managers are outlined in a written job description that has been created by United Rentals management and is applicable across the firm.  See, e.g., Pl's Exh. F (job postings for Operations Manager positions in various national United Rentals branch offices, including sections labeled "job descriptions" and "job requirements"); Pl's Exh. M (internal United Rentals Operations Manager job description); Pl's Exh. H at ¶ 15 ("Defendants admit that many Operations Managers share a common job title and job description.").  This job description states that Operations Managers are responsible

for such tasks as supervising lower-level employees, helping to generate sales, monitoring inventory levels, participating in employee development and training, and overseeing matters related to workplace safety.  See Pl's Exh. F; Pl's Exh. M.

C.      The FLSA

The FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  This overtime pay requirement does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  There is no dispute in this case that United Rentals Operations Managers are currently classified by United Rentals as exempt from the FLSA's overtime pay requirements, Pl's Exh. H at ¶ 3, or that United Rentals is an employer to which the FLSA applies.

D.      Aros' Employment with United Rentals

In April 2007, Aros began working for United Rentals in Manchester, Connecticut.  Mem. in Supp. at 2.  He worked as an "inside sales representative" until December 2007, and then as a "senior inside sales representative" until approximately December 2008 or January 2009.  Id.  Aros was employed as an Operations Manager from February 2009 to December 2009.[2]  Id.  As an Operations Manager, Aros alleges that he "routinely worked 55 hours a week, or more," and that he was not compensated for his work in excess of forty hours per week.  Comp. at ¶ 9.  Aros also alleges that, as

_____

[2] While the Memoranda in Support and Opposition state that Aros' employment as an Operations Manager began in February 2009, the Complaint states that it began in January 2009. Comp. at ¶ 9.

-3-

an Operations Manager, he did not qualify for any of the exemptions from the FLSA's overtime pay requirements. His Complaint alleges, for instance, that the work he performed was mostly "inside sales" work requiring "little skill and no capital investment." Id. at ¶¶ 19, 20. Aros now seeks to conditionally certify an FLSA collective action consisting of other similarly situated United Rentals "Operations Managers."

## III.   DISCUSSION

### A.   Legal Standard

The FLSA permits employees to file an action on behalf of themselves, as well as on behalf of "other employees similarly situated," for violations of minimum wage and overtime provisions of the FLSA. 29 U.S.C. § 216(b). "[S]uch a joint, or collective, action requires potential plaintiffs to opt in to the suit in order to benefit from any judgment." Neary v. Metro. Prop. & Cas. Ins. Co., 517 F. Supp. 2d 606, 618 (D. Conn. 2007) (quotation marks omitted) (citing 29 U.S.C § 216(b)). "[D]istrict courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to [section] 216(b) of the FLSA." Holbrook v. Smith and Hawken, Ltd., 246 F.R.D. 103, 105 (D. Conn. 2007) (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

While the Second Circuit has not articulated a test for certification of an FLSA collective action, see, e.g., Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 n. 6 (D. Conn. 2003), district courts within its jurisdiction typically undertake a two-stage inquiry in deciding whether such an action should be certified. See, e.g., Neary, 517 F.

Supp. 2d at 618.  At the first stage, which occurs before discovery is complete, the plaintiff bears a "minimal burden to show that he is similarly situated to the potential class."  Id. (internal quotation marks and citations omitted).  If the court concludes that the plaintiff has met that burden, then the collective action will be conditionally certified. Id.  At second stage of the certification process, which takes place after discovery is completed, the court examines "all the evidence then in the record to determine whether there is a sufficient basis to conclude that the proposed class members are similarly situated."  Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); see also Holbrook, 246 F.R.D at 106.  While the second stage of the certification process is typically prompted by the defendant's motion for decertification, Neary, 517 F. Supp. 2d at 618, courts have bypassed the first stage of the certification process-- and moved directly to the second stage--where the plaintiff has first moved for certification after extensive discovery has already taken place.  See, e.g., Hendricks v. J.P. Morgan Chase Bank, N.A., 263 F.R.D. 78, 83 (D. Conn. 2009).

On April 9, 2010, this court held a telephone conference in which it discussed with the parties the scope of discovery to be requested by Aros in preparation for the instant Motion for Conditional Certification.  The parties and the court agreed that Aros' initial document request would be no broader than necessary to pursue conditional approval of his collective action.  The parties and the court also agreed that, in the event the court conditionally certified the collective action, broader discovery would be warranted.  In this Ruling, therefore, the court addresses only the question of conditional certification at the first stage of the two-stage process described above.  To the extent United Rentals argues that this court should decide the Motion for

-5-

Conditional Certification as if it were beyond the first stage of the two-stage inquiry described above, such argument is rejected.

At the first stage of the FLSA certification process (as well as at the second stage), courts do not address the merits of the claims in the case at bar.  This Ruling, therefore, is confined to an analysis of whether Aros has shown that the putative collective action members in this case are sufficiently "similarly situated" as to warrant the case conditionally proceeding as a collective action.  In order to meet the "minimal burden" that is required at this stage, Aros must present "a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law."  Neary, 517 F. Supp. 2d at 618; see also Heagney v. European American Bank, 122 F.R.D. 125, 127 (E.D.N.Y.1988)  ("The plaintiffs need not be identically situated to potential class members.  Nevertheless, there must be a demonstrated similarity among the individual situations . . . some identifiable factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged discrimination.") (internal quotation marks omitted); Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir. 1995) (overruled on other grounds) (stating that the determination whether to conditionally certify a FLSA collective action is "made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class"); Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005) ("At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.") (internal quotation marks and citation omitted).

B.    Additional Procedural Considerations

     1.    Credibility Determinations

United Rentals contends that Aros' Declaration ("Aros Decl."), which has been submitted in support of the Motion for Conditional Certification, is not credible and contains merely conclusory assertions about whether the potential collective action members in this case are "similarly situated."  Mem. in Opp. at 15.  At this stage of the litigation, the court declines to consider United Rentals' argument that Aros' Declaration is not credible.  Indeed, at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations."  Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007).

     2.    Declarations Submitted by United Rentals

The court agrees with Aros that it is inappropriate to consider the declarations of other United Rentals employees, which have been submitted to the court by United Rentals in an effort to prove that the potential collective action members are not similarly situated.  As stated above, conditional certification depends not on whether the potential collective action members are in fact "similarly situated," but on whether Aros has made "a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law."  Neary, 517 F. Supp. 2d at 618; see also Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y.2005) ("The focus of this [conditional certification] inquiry, however, is not on whether there has been an actual violation of law but rather on whether the proposed

-7-

plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their <u>allegations</u> that the law has been violated.") (emphasis added); <u>Neary</u>, 517 F. Supp. 2d at 620 ("Several courts have stated . . . that disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis.") (internal quotation marks and citation omitted).  Because the declarations submitted by United Rentals do not bear on whether Aros has made the "modest factual showing" that he is required to make at this stage of the litigation, the court will not address such evidence.[3]

>               3.      Lack of Opt-In Plaintiffs

The court is also unpersuaded by United Rentals' position that the Motion for Conditional Certification should be denied because Aros has not demonstrated the desire of potential plaintiffs to opt into the instant lawsuit.  United Rentals cites <u>Hendricks</u>, 263 F.R.D. at 87, as an example of a decision in which the court denied conditional certification of an FLSA collective action, partially on the basis that the defendants there did not offer any "deposition testimony or declarations submitted by other members of the potential class."  <u>Id.</u>; <u>see</u> <u>also</u> Mem. in Opp. at 32.  United Rentals, however, is mistaken in its assertion that the decision in <u>Hendricks</u> represented a denial of conditional certification.  Mem. in Opp. at 32.  Rather, <u>Hendricks</u> was decided at the second stage of the FLSA certification process.  <u>Hendricks</u>, 263

----

[3] In his Reply Memorandum, Aros argues that the court should "strike" the declarations submitted by United Rentals, because United Rentals "did not identify any of the declarants as witnesses in its Fed. R. Civ. P. 26 . . . mandatory disclosures, and failed to make them known to [Aros] by any other means." Reply at 7.  Because the court has concluded that United Rentals' evidence is not germane to the question of whether Aros has made a "modest factual showing," as he must do to obtain conditional certification, the court will not address Aros' argument that United Rentals "ambushed" him with declarations.  <u>Id.</u>

F.R.D. at 83 ("The court agrees that it should determine whether to certify this collective action based on the full evidence before it, rather than merely examining the 'pleadings and affidavits,' as courts do at the first step.").

Contrary to United Rentals' position, district courts within this circuit have held that "FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs." Amendola v. Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2007); see also Neary, 517 F. Supp. 2d at 622-23 ("As to defendant's claim that plaintiff has not identified other potential class members who would want to participate in this action, such identification, at this preliminary stage, is not required in the Second Circuit.  Indeed, identification of potential class members is part of the purpose of authorizing and notice."); Gortat v. Capala Bros., Inc., 2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010) ("[U]nlike the situation in a typical decertification motion, the identities of potential 'similarly situated' opt-in plaintiffs are still unknown, as no notice has yet been issued.  The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the actual plaintiffs brought into the case are similarly situated.").  The court, therefore, refuses to deny the Motion for Conditional Certification on the basis that no potential plaintiffs have opted in at this point.

4.     Written Consent to Proceed Collectively

Under 29 U.S.C. § 216(b), all plaintiffs must "give . . . consent in writing" to become a party to a collective action brought under the FLSA.  29 U.S.C. § 216(b) ("section 216(b)").  Section 216(b), as United Rentals points out, draws no distinction

between named plaintiffs and plaintiffs who opt in to the litigation at a later stage.

See, e.g., Gonzalez v. El Acajutla Restaurant, Inc., 2007 WL 869583, at *5 (E.D.N.Y.

Mar. 20, 2007) ("The case law, like the statute itself, requires named plaintiffs as well as

others to submit a written consent to join in a collective action under the FLSA, and is

not satisfied by the filing of the complaint itself.").  In this case, Aros filed his written

consent pursuant to section 216(b) on July 15, 2010, two days after United Rentals

submitted its Memorandum in Opposition to the Motion for Conditional Certification

(Doc. No. 34).

The court refuses to deny the Motion for Conditional Certification on the basis

that Aros did not file his section 216(b) written consent form prior to--or at the same

time as--the instant Motion for Conditional Certification.  First, while written consent

forms in FLSA litigation have particular significance with respect to the statute of

limitations, United Rentals has no plausible argument (and indeed does not argue) that

the statute of limitations bars the instant claim due to the fact that the section 216(b)

written consent form was only filed on July 15, 2010.  In FLSA collective action suits,

the statute of limitations is tolled when a plaintiff files written consent pursuant to

section 216(b).  29 U.S.C. § 256.  Because this case alleges a "willful and intentional"

violation of the FLSA, Comp. at ¶ 21, the applicable statute of limitations is three years.

29 U.S.C. § 255(a).  This lawsuit, as stated above, was brought for violations committed

in 2008.  Therefore, assuming that the statute of limitations was tolled on July 15, 2010,

the date on which the written consent form was filed, the lawsuit is timely.[4]

Second, as the Second Circuit has made clear, the FLSA is a remedial statute, and the federal courts should give it a liberal construction.  See, e.g., Braunstein v. E. Photographic Labs, 600 F.2d 335, 336 (2d Cir. 1978).  The court concludes that denying the Motion for Conditional Certification – on the basis that Aros did not file his consent form until July 15, 2010 – would undermine the FLSA's broad remedial purpose.  See, e.g., Gonzalez, 2007 WL 869583, at *5 ("To the extent that the applicable rule is counter-intuitive--in that it assumes that a plaintiff who files a complaint in his own name does not actually intend to join in his own lawsuit unless he files an additional document saying, in effect, 'and I mean it'--it creates a trap for the unwary that runs counter to the statute's remedial goal.").[5]  This is especially true given that Aros submitted his section 216(b) written consent form quite promptly after the Memorandum in Opposition, which highlights this deficiency, was filed.

    C.    Whether Aros has "Disavowed" the Operations Manager Job Description

Relying on Mike v. Safeco Ins. Co. of America, 274 F. Supp. 2d 216, United Rentals argues that conditional certification should be denied because Aros has

---

    [4] United Rentals' Memorandum in Opposition states that, "[e]ven if Plaintiff subsequently files his consent, such an action should not be considered to cure the procedural defect since Plaintiff's motion was not ripe at the time of filing."  Mem. in Opp. at 20.  However, United Rentals has cited no statutes or cases--and the court has found none--indicating that the court may not decide the instant Motion for Conditional Certification, given that the section 216(b) written consent form has now been filed.  Nothing in the FLSA itself appears to preclude preclude the court from resolving the Motion for Conditional Certification, given that the written consent has now been filed.  See Oetinger v. First Residential Mortg. Network, Inc., 2007 WL 734859, at *2 (W.D. Ky. Mar. 6, 2007) ("Defendant argues that each Plaintiff must file written consent to be party to a FLSA action. . . . Such written consent has been filed and Defendant's argument is, as it concedes in its Reply, moot.").

    [5] Moreover, it is clear that United Rentals has been on notice since the inception of the suit that Aros intended to proceed collectively.  See Comp. at ¶ 1.

"disavow[ed] the tasks enumerated in a job description for an exempt position."  Mem. in Opp. at 21.  In Mike, the plaintiff had been employed as an insurance "Field Claims Representative," and he was classified by his employer as exempt from the overtime pay requirements of the FLSA.  While all "Field Claims Representatives" were subject to "a common job description and were expected to perform the tasks enumerated in that specific job description," the Mike plaintiff "d[id] not rely on [that] job description as evidence in support of his claim."  Id. at 221.  Rather, the plaintiff "expressly disavow[ed] this job description and claim[ed] that, on a task-to-task, day-to-day basis, he spent the balance of his time performing non-administrative functions despite the fact that his job description calls for him to perform some administrative functions."  Id. at 221.  Given that the plaintiff expressly disavowed his job description and did not rely on it in support of his claim, the Mike court denied conditional certification, noting that the "merits of [the plaintiff's] claim [would] turn upon evidence relating to [his] day-to-day tasks, and not upon any . . . company policy or decision," id. at 221, and stating that, as a result, it would have to "engage in an ad hoc inquiry for each proposed plaintiff to determine whether his or her job responsibilities were similar to Mike's."  Id.; see also White v. MPW Industrial Services, Inc., 236 F.R.D. 363, 372 n.4 (stating that, in Mike, "the plaintiff did not challenge a company-wide policy, but instead asserted that his employer treated him in a certain way").

Mike is, in some sense, a typical case.  Courts have often denied certification of FLSA collective actions where the plaintiff has not provided evidence of "comprehensive corporate policies that defined the job's duties," on the ground that "the proof of the actual duties of the job would be highly individualized."  Damassia v. Duane

Reade, Inc., 250 F.R.D. 152, 161 n.4 (S.D.N.Y. 2008) (collecting cases). Here,

however, Mike is clearly distinguishable. Aros has not "expressly disavowed" United

Rentals' Operations Manager job description or declined to rely on it as evidence. To

the contrary, Aros stated that he did, in fact, perform many of the job duties listed in the

Operations Manager job description. Aros testified that he, inter alia, "conducted safety

meetings," Aros Dep. at 47:21, performed regular "safety walk-arounds," id. at 111:16-

19, was trained in the area of OSHA compliance, id. at 113:1-8, was involved in drug

and alcohol testing for United Rentals employees, id. at 113:21-114:10, trained and

prepared written performance reviews for certain employees, id. at 111:6-8, 110:6-13,

coordinated activities between United Rentals' sales and service departments, id. at

114:11-115:6, maintained certain employee records, id. at 115:19-24, and monitored

the overtime work of lower-level United Rentals employees, id. at 116:15-19.[6]  In

addition, Aros' Complaint makes patent that this case challenges United Rentals'

company-wide policy of classifying Operations Managers as ineligible for overtime pay,

and that the putative collective action members are those who held the title of

Operations Manager. Comp. at ¶¶ 3, 4.  Rather than disavowing it, Aros relies heavily

---

[6] United Rentals emphasizes that Aros testified to his lack of involvement with hiring and firing.
See Mem. in Opp. at 12 n.2. There is no dispute as to this point: Aros' own declaration makes clear that
he had no authority to hire and fire employees, or to make recommendations about hiring and firing. Aros
Dec. at ¶ 10. In the court's view, however, the fact that Aros did not perform one of the tasks listed on
United Rentals' internal Operations Manager job description, Pl's Exh. M, is not dispositive. Among other
reasons, United Rentals' external job listings, Pl's Exh. F, do not list hiring and firing as part of the job
description for an Operations Manager.
    To the extent United Rentals argues that Aros testified that he did not authorize overtime, prepare
performance reviews, help make employee schedules, or train other employees, the court simply
disagrees. It is true that Aros, in his deposition, clarified his tasks and responsibilities as an Operations
Manager. However, he certainly did not "disavow" his job description. As the portions of Aros' deposition
cited above indicate, Aros testified to performing many of the tasks listed on the Operations Manager job
description, including tasks related to supervising and training other employees, preparing performance
reviews, and helping with employee work schedules.

on United Rentals' company-wide Operations Manager job description in support of his arguments that the prospective collective action members in this case are similarly situated.  See, e.g., Mem. in Supp. at 6-7.

Mike might persuade this court to deny conditional certification if Aros had "expressly disavowed" his employer's job description, or if he did not challenge a company-wide policy related to overtime pay.  Here, however, the court is not presented with such circumstances.  See Neary, 517 F. Supp. 2d at 621. In Neary, the court ruled that conditional certification was proper, even though the plaintiff admitted that his job description was not "100 percent accurate."  Id.  The court distinguished Mike on the basis that the plaintiff did not "completely disavow" his employer's description of his role, but instead claimed that "he and all putative class members were injured by the same . . . policy-designation as exempt from the FLSA . . . which is sufficient to meet the lenient first-tier collective action standard.").

D.    Aros' Evidence in Support of the Motion for Conditional Certification

To begin, Aros has presented evidence that Operations Managers were classified by United Rentals as exempt from overtime wages.  See Pl's Exh. E at ¶ 3 ("Defendants admit that Operations Managers are classified as exempt employees and, as such, are not paid overtime."); Pl's Exh. B at 47:20-23 ("If you are in the operations manager job title, you are classified as exempt, yes.").  Some district courts within this circuit appear to have held that evidence of such a policy designation as exempt from the FLSA's overtime pay requirements is sufficient for a plaintiff to meet his burden at the conditional certification stage.  See, e.g., Neary, 517 F. Supp. 2d at 621 ("Neary claims that he and all putative class members were injured by the same Metropolitan

-14-

policy-designation as exempt from the FLSA of automobile appraisers--which is sufficient to meet the lenient first-tier collective action standard."); <u>Alonso v. Uncle Jack's Steakhouse, Inc.</u>, 648 F. Supp. 2d 484, 487 (S.D.N.Y. 2009) (stating that, at the first stage of the FLSA certification process, a plaintiff can satisfy his burden "by making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law") (internal quotation marks and citations omitted).

In addition, Aros has sufficiently shown a factual nexus between all United Rentals Operations Mangers to justify conditional certification.  <u>Id.</u> ("To maintain a collective action under the FLSA, a named plaintiff bears the burden of showing that others are 'similarly situated'; the test is 'whether there is a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action.'").  Aros' declaration indicates that he observed other operations managers performing tasks similar to his.  Aros Decl. at ¶ 7.  Moreover, Aros has presented evidence indicating that all United Rentals Operations Managers nationwide are subject to the same job description, perform the same essential duties and responsibilities, and are required to have the same job qualifications.[7]  <u>See</u> Pl's Exh. F; Pl's Exh. M; Pl's Exh. H at ¶ 15.  Aros has also shown that all Operations Managers are subject to the same compensation policy, in the sense that they all receive salaries within the same "salary range," which range is centrally established at the United Rentals "corporate level" and applied to employees in all United Rentals branches.  Pintoff Dep. at 91:18-92:19.

---

[7] <u>See</u> Section III.D, <u>infra</u>.

United Rentals argues that it is improper to resolve this lawsuit collectively because the job duties of Operations Managers vary.  Mem. in Opp. at 25.  Indeed, according to United Rentals, "the only way to determine how much time each class members spent on exempt duties . . . versus nonexempt duties . . . would be to ask that individual or somebody who regularly observed him or her."  Mem. in Opp. at 16-17.  However, Aros has shown that, in deciding whether to characterize an Operations Manager as exempt from overtime pay, United Rentals considers <u>only</u> that employee's job title as Operations Manager.  <u>See</u> Deposition of Craig Pintoff at 47:20-23 (indicating that all Operations Managers are exempt from overtime pay); Pl's Exh. H at ¶ 3; <u>cf.</u> <u>Damassia</u>, 250 F.R.D. at 159 (noting that defendant did not "consider any factors other than job title in deciding to categorize an assistant manager as exempt" from overtime pay).  At this conditional certification stage, the court views the fact that United Rentals has made a "blanket determination," under which no Operations Managers may receive overtime pay, as "evidence that differences in the position, to the extent that there are any, are not material to the determination of whether the job is exempt from overtime requirements."  <u>Damassia</u>, 250 F.R.D. at 159; <u>see</u> <u>also</u> <u>Holbrook</u>, 246 F.R.D. at 106 (D. Conn. 2007) ("The consistent manner in which Smith & Hawken classified its own [assistant store managers] is sufficient to carry [plaintiff's] burden, even in the presence of minute factual variances in treatment between store locations."); <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1263 (11th Cir. 2008) (affirming district court's finding that collective action members were "similarly situated," and noting that the defendant "exempted all store managers from overtime pay requirements without

regard to store size, sales volume, region, district, or hiring and firing authority."). Indeed, it is curious that United Rentals admits to characterizing all Operations Manager as exempt from the FLSA's overtime pay requirements without any individual inquiry, Mem. in Opp. at 16 ("United Rentals cannot track what Operations Managers are doing on a day-to-day basis."), yet simultaneously contends that such Operations Managers cannot proceed collectively to challenge their exempt classification, on the grounds that their job duties vary.  See Nerland v. Caribou Coffee Co., Inc., 564 F. Supp. 2d 1010, 1024 (D. Minn. 2007) ("The Court finds it disingenuous for Caribou, on one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming the plaintiffs cannot proceed collectively to challenge the exemption.").

United Rentals contends that Aros' Motion for Conditional Certification must be denied because "merely alleging that a class of employees was wrongly designated 'exempt' does not constitute a showing[] of an unlawful, institution-wide policy" for purposes of conditional certification.  Mem. in Opp. at 30 (quoting Trinh v. JP Morgan Chase & Co., No. 07-CV-1666 W(WMC), 2008 WL 1860161, at *4 n.2 (S.D. Cal. Apr. 22, 2008)).  To the extent this argument suggests that FLSA collective actions simply cannot be brought on the basis of "misclassification" of groups of employees, this court disagrees.  "[S]ection 216(b) clearly applies to misclassification claims as well as other FLSA claims.  Had Congress intended to exclude misclassification claims from collective actions, it would have done so."  Perkins v. Southern New England Telephone Co., 669 F. Supp. 2d 212, 218 (D. Conn. 2009).  Indeed, multiple courts in

-17-

this district have certified collective actions in cases alleging violations of the FLSA's overtime pay laws.  See, e.g., id.; Marcus v. Am. Contract Bridge League, 254 F.R.D. 44 (D. Conn. 2008); Neary, 517 F. Supp. 2d 606; cf. Scott v. Aetna Services, Inc., 210 F.R.D. 261, 265 (D. Conn. 2002) ("[S]everal courts have held that it is appropriate to bring an FLSA exemption claim as a class action with regard to employees who perform similar, but not identical, duties, notwithstanding the highly fact-specific nature of the exemption inquiry.") (collecting cases).

To the extent United Rentals argues that conditional certification would only be proper upon a showing by Aros that he and other potential plaintiffs "together were victims of a common policy or plan that violated the law,"  Mem. in Opp. at 28 (emphasis in original), the court is unpersuaded.  As stated above, Aros need not prove the merits of his FLSA claim to advance past this stage of the litigation.  While United Rentals maintains that "the [Operations Manager] job description clearly represents the duties of an exempt job," Mem. in Opp. at 31, that issue goes to the merits of this case, and the court declines to address it at this conditional certification stage.  "The notice stage of [FLSA certification] analysis is centered on whether the plaintiff has demonstrated, through allegations and factual support, that he and the putative class members were similarly situated--that is, victims of a common policy or plan of the defendant."  Neary, 517 F. Supp. 2d at 620 (internal quotation marks and citation omitted).  Indeed, "[t]he [c]ourt believes that, at this stage, a defendant's assertion of the potential applicability of an exemption should not be permitted to overcome an otherwise adequate threshold showing by the plaintiff."  Id. (internal quotation marks

and citation omitted).

This case, moreover, is distinguishable from <u>Trinh v. JP Morgan Chase & Co.</u>,

No. 07-CV-1666 W(WMC), 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008), which United

Rentals cites for the proposition that "merely alleging that a class of employees was

wrongly designated 'exempt' does not constitute a showing[] of an unlawful,

institution-wide policy" for purposes of conditional certification.[8]  Mem. in Support at 30.

In <u>Trinh</u>, the plaintiffs "provide[d] no real evidence, beyond their own speculative beliefs,

suggesting that all [putative collective action members], regardless of location or

experience, receive[d] the same compensation and [we]re required to work in the same

manner."  <u>Id.</u> at *4.  The <u>Trinh</u> court stated conditional certification would be proper

upon a "modest factual showing that [plaintiffs] and the broad class they wish to

represent are similarly situated with respect to job requirements and pay provisions."

<u>Id</u>. at *4.  However, the court denied conditional certification because the plaintiffs

"simply stated," without providing any other evidence, that they and the potential

collective action members "had essentially the same job description and training and

were compensated in the same manner."  <u>Id</u>. at *3.

Here, however, Aros has done more than "simply state" that he is similarly

situated to the members of the prospective collective action.  To show that the

proposed collective action members were similarly situated with respect to job

---

[8] This is not to mention the fact that the quoted portion of <u>Trinh</u> appears to directly conflict with cases from this district, such as <u>Neary</u>, which held that the plaintiff's claim "that he and all putative class members were injured by the same Metropolitan policy-designation as exempt from the FLSA of automobile appraisers . . . is sufficient to meet the lenient first-tier collective action standard."  517 F. Supp. 2d at 621.

requirements, Aros has presented the court with not only his own declaration and deposition testimony, but also with evidence of a job description that United Rentals admits is applicable to all United Rentals Operations Managers nationwide.  To show that the proposed collective action members were similarly situated with respect to pay provisions, Aros has presented, inter alia, deposition testimony that Operations Managers were indeed compensated using salary ranges created at the corporate level, and were denied overtime pay without individual inquiry. Pintoff Dep. at 47:20-23; 91:18-92:19.

United Rentals also cites Morisky v. Public Service Elec. and Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000), a case in which the court denied FLSA certification where "[w]hat plaintiffs [we]re really challenging . . . is defendant's determination that they are exempt under the FLSA." Id. at 498; see also Mem. in Opp. at 30.  Morisky, however, is also clearly distinguishable.  Rather than providing the court, as Aros has, with a job description that is applicable to all employees nationwide in his position, the plaintiffs in Morisky "d[id] not even discuss the job responsibilities of the opt-in plaintiffs. Instead, plaintiffs reference[d] an extremely broad 'general connection' all plaintiffs have to the production of electricity." 111 F. Supp. 2d at 498.  Further, Morisky was decided at the second stage of the two-stage FLSA certification inquiry.  111 F. Supp. 2d at 498. Here, as stated above, the focus is on whether Aros has made a "modest" showing that he was similarly situated to potential opt in plaintiffs to the case.

In sum, the court is satisfied that Aros has sufficiently shown "some identifiable factual nexus which binds the named plaintiffs and the potential class members

together as victims of a particular alleged discrimination." Heagney, 122 F.R.D. at 127. While the court recognizes the possibility that the evidence in this case will ultimately show that the prospective collective action members in this case are not similarly situated, Aros has made at least a modest showing, as he is required to do at this stage, "that he and the putative collective action members are similarly situated in that they all held the same or similar position and had the same or similar responsibilities and daily tasks." Neary, 517 F. Supp. 2d at 620.

## IV. PROPOSED COLLECTIVE ACTION NOTICE

While United Rentals objects to the proposed Collective Action Notice that Aros has submitted along with his Motion for Conditional Certification, the Memorandum in Opposition devotes only a short paragraph to this issue and does not describe United Rentals' objections in any level of detail. Mem. in Opp. at 34. United Rentals is ordered to submit, by October 22, 2010, additional briefing as to its specific objections to Aros' Proposed Collective Action Notice, including a proposed counter notice, a red-lined edit of plaintiff's notice, or, after consultation with plaintiff's attorney, an agreed upon notice. The court will then resolve issues related to the Notice.

## V. CONCLUSION

The Motion for Conditional Certification (Doc. No. 25) is **granted in part**. It is granted as to Aros' request to conditionally certify the FLSA collective action. However, the court will not authorize notice to the prospective class until it resolves United Rentals' objections to the proposed notice that Aros has already submitted.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 23rd day of September, 2010.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge