UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREAS AROS, individually and on Behalf of other similarly situated individuals, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 310-CV-00073 (JCH) |
| UNITED RENTALS, INC. and UNITED RENTALS (NORTH AMERICA) INC., | : : : | |
| Defendants. | : : | October 22, 2010 |

## DEFENDANTS' ADDITIONAL BRIEFING AS TO SPECIFIC OBJECTIONS AND PROPOSED COUNTER NOTICE

Pursuant to this Court's September 23, 2010 order, Defendants United Rentals, Inc. and United Rentals (North America) Inc. (collectively, "United Rentals" or "Defendants") submit additional briefing at to specific objections to Plaintiff's proposed collective action notice and include a proposed counter notice and proposed opt-in form. (See Exhibit A and B.)

**I. Introduction**

Court-sanctioned notices should be accurate and balanced, not misleading. See Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) (the Court should issue "a fair and accurate notice [which does not] leave significant opportunity for misleading potential plaintiffs"); Ayers v. SGS Control Servs., 2004 U.S. Dist. LEXIS 25646, *5 (S.D.N.Y. Dec. 16, 2004) ("language in the notice should be fair and balanced") Jones v. Casey's Gen. Stores, 517 F. Supp. 2d 1080, 1089 (S.D. Iowa 2007) ("[O]ne-sided, misleading communications with putative opt-in collective members . . . could easily have the effect of tainting the entire putative class and jeopardizing this entire litigation.").

1

In addition, court-sanctioned notices should not appear as a free-ride for some found money but instead must inform putative class members of their litigation obligations and potential costs as an opt-in plaintiff.  See, e.g. Bah v. Shoe Mania, Inc., 2009 U.S. Dist. LEXIS 40803, *11-12 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial and/or (4) pay litigation costs.").

### A. Plaintiff's Proposed Notice Is Too One-Sided

The first two pages of Plaintiff's proposed notice contain repetitive, one-side representations of Plaintiff's position and allegations of the case without any mention of United Rentals' position.  (See Plaintiff's Notice, pp. 1-2.)   Specifically, the first bullet point of Plaintiff's notice contains only Plaintiff's allegations that Operations Managers are misclassified. The second bullet point states that the action is proceeding as a collective action but offers no mention that the case has only been *conditionally* certified.  On page two of the notice, under the section "Why did I get this notice?," once again the notice offers Plaintiff's allegations that Operations Managers are misclassified.  Once again, there is no mention of Defendant's position in the case.  In addition, this section also states that "The Court is trying to determine which employees wish to participate in the case."  (See Plaintiff's Notice, p. 2.)  This statement is misleading as the Court is determining at this stage whether the employees who opt-in are similarly situated to Plaintiff and to each other.

The wording of the following sentence in the proposed notice: "[a] trial may be necessary to decide whether the claims being made against United Rentals are correct" suggests that the claims being made against United Rentals have been deemed to be "correct" or, at the very least, conditionally correct and a trial "may" be needed to confirm those claims.  (See

Plaintiff's Notice, p. 2.)  Such a statement is not true.  Indeed, this Court noted quite clearly that "the court recognizes the possibility that the evidence in this case will ultimately show that the prospective collective action members in this case are not similarly situated."  (See p. 21 of Court's Sept. 23, 2010 Order); see also Jones, 517 F. Supp. 2d at 1088 (holding that courts are particularly concerned about statements that give the impression that defendant's liability is already settled).

It is not until the reader of the proposed notice gets to page 3 that she finally sees United Rentals' position.  Moreover, United Rentals' position is stated in a cursory and defensive manner:  "United Rentals maintains that its pay practices for Operations Managers were lawful."  (See Plaintiff's Notice, p. 3.)  United Rentals' position is that its Operations Managers should not be required to punch in and out for their time at work, because they have the job duties and responsibilities and higher salaries of exempt employees and, as such, are properly classified as exempt from overtime requirements.  As is evidenced in the record before the Court, Operations Managers are a highly paid role within United Rentals, one of the few roles that are eligible for profit sharing and bonuses at the branches.  A current employee, whose terms and conditions of employment could be impacted by this lawsuit, should have a clear understanding of United Rentals' position.

Moreover, shortly after United Rentals' cursory and defensively-phrased position on Plaintiff's proposed notice, the notice states Plaintiff's position for a third time in the "What are the Plaintiffs asking for?" section.  (See Plaintiff's Notice, p. 3.)  This is overly repetitive.  In addition, the phrase "Plaintiffs are seeking to recover unpaid overtime wages" suggests that the money has not been paid.  (See Plaintiff's Notice, p. 3.)  Such a statement is misleading.  There are no unpaid overtime wages, because Operations Managers are properly classified.  Plaintiff

*alleges* there are unpaid overtime wages.  Plaintiff's allegations should not be included in the class notice statements as assumptions of fact.

Plaintiff Aros has yet to prove any wrong or violation.  There is only a challenged compensation practice that may or may not be unlawful and regards a putative class of Operations Managers who may or may not be similarly situated.

### B. Plaintiff's Proposed Notice Is Overly Solicitous

On page 1 of Plaintiff's proposed notice, the language highlighted in the "Your Legal Rights And Options In This Lawsuit" do not inform the reader of all their legal rights but instead suggests the "possibility" of "money" and "benefits" for anyone opting into the lawsuit. (See Plaintiff's Notice, p. 1.)  The reader is then informed if they "Do Nothing" they "give up the possibility of getting money or benefits."  (See Plaintiff's Notice, p. 1.)  Such repetitive use of the term "money" is overly solicitous, especially in light of the fact that it occurs prior to a neutral description of the case and prior to United Rentals' position.

### C. Plaintiff's Notice Gives The Putative Class A False Sense Of Urgency

The phrases in the "Do Nothing" box on page 1 of the notice improperly place a false sense of urgency on the reader and even misstate the law.  For example, the phrase "[e]ach day you do not take action to protect your claims, they diminish" is not true for everyone in the putative class.  The potential claim for an Operations Manager who started in that position within the last year would not diminish by "doing nothing".  That individual's *potential* claim would not start diminishing until he had been employed for at least two years in the Operations Manager position.  Indeed, Plaintiff Aros failed to file his opt-in form with his complaint or motion for conditional certification and only did so more than *six months* after filing his complaint.  Due to Aros' brief employment as an Operations Manager, however, his failure to file his opt-in form

for more than six months did not diminish his potential claim at all.

More to the point, and as discussed previously, the class notice in this case should not be geared towards encouraging participation of former employees like Plaintiff Aros who are only seeking to get money and have no personal stake in how this lawsuit impacts the terms and conditions of all the current Operations Managers.  See, e.g., Matarazzo v. Friendly Ice Cream Corp., 62 F.R.D. 65, 68 (E.D.N.Y. 1974) (in the Rule 23 antitrust action, class denied because "former store managers do not have the same interests of present store managers").  The putative class includes former and current employees and should be geared to advise all potential parties of what opting into this lawsuit means.

### D. The Form Of Plaintiff's Proposed Notice Is Improper

A typical class notice is, like most typical court documents, should be written in normal, 12 point font.  Instead, Plaintiff's proposed notice is splashed with sensational, extra-large bolded font, bullet points, and shaded tables.

### E. Plaintiff's Proposed Notice Fails To Inform Potential Plaintiffs Of Their Costs If They Opt Into The Suit And Plaintiffs Are Unsuccessful

The proposed notice fails to inform potential plaintiffs that "if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for the defendant's costs." Robbins-Pagel v. Puckett, 2006 WL 3393706, at *3 (M.D. Fla. Nov. 22, 2006) ("Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit.").

### F. Plaintiff's Proposed Notice Improperly Understates The Litigation Obligations Of Potential Plaintiffs If They Opt Into The Suit

A class notice should clearly inform potential plaintiffs of their obligations to participate in the lawsuit.  See, e.g. Bah v. Shoe Mania, Inc., 2009 U.S. Dist. LEXIS 40803, *11-

5

12 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial and/or (4) pay litigation costs."). Instead, Plaintiff's proposed notice vaguely references participation in "oral discovery proceedings and/or in a trial of this matter" at the end of the "What happens if I join the lawsuit?" section of the proposed notice. (See Plaintiff's Notice, p. 4.) Opt-in Plaintiffs should understand in very specific terms that by opting into this lawsuit they may have to sit for depositions or testify in court at a trial. Moreover, the one sentence regarding opt-in Plaintiffs' litigation obligations are tucked away at the end of long paragraph in the "What happens if I join the lawsuit?" section, which begins with yet another discussion of sharing in proceeds. (See Plaintiff's Notice, p. 4.)

### G. Plaintiff's Proposed Notice Discourages Proceeding Separately With Alternative Counsel

The last sentence of section 10 of the proposed notice that states "If you proceed separately, you may also have to pay for your own lawyer" is overly discouraging. (See Plaintiff's Notice, p. 3.)

### II. Conclusion

For all the foregoing reasons, Plaintiff's proposed notice is improper. Because the issues with Plaintiff's notice are systemic and cannot be cured through minor edits to the language, United Rentals attaches to this additional briefing an alternative notice and opt-in form that are more appropriate in both form and substance. (See Exhibit A and B.) United Rentals' proposed notice will properly inform the putative class of their rights and obligations. United Rentals' proposed notice also neutrally informs the putative class of the status of the lawsuit and the issues in contention. Finally, United Rentals asserts that the 90 day opt-in period proposed by Plaintiff is too long and that a 45 or 60 day opt-in period is more typical in these employment

collective action cases in Connecticut district court and should be used here.

        Respectfully submitted,

        DEFENDANTS,
        UNITED RENTALS, INC. and UNITED RENTALS (NORTH AMERICA) INC.

        By its attorneys,

        */s/ William J. Anthony*
        William J. Anthony (ct 17865)
        anthonyw@jacksonlewis.com
        David R. Golder (ct 27941)
        golderd@jacksonlewis.com
        Jackson Lewis LLP
        90 Statehouse Square, 8th Floor
        Hartford, CT  06103
        Tel: (860) 522-0404
        Fax: (860) 247-1330

CERTIFICATION OF SERVICE

I hereby certify that on October 22, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                   */s/ William J. Anthony*
                                                   William J. Anthony

4845-5259-7511, v. 1