UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREAS AROS, individually and on Behalf of other similarly situated individuals, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil No. 310-CV-00073 (JCH) |
| UNITED RENTALS, INC. and UNITED RENTALS (NORTH AMERICA) INC., | : : : | |
| Defendants. | : : | November 8, 2010 |

**DEFENDANTS' REPLY IN SUPPORT OF ADDITIONAL BRIEFING AS TO SPECIFIC OBJECTIONS AND REVISED COUNTER NOTICE**

Defendants United Rentals, Inc. and United Rentals (North America) Inc. (collectively, "United Rentals" or "Defendants") submit the following reply brief in support of their proposed counter notice and proposed opt-in form. (See Exhibit A and B.)

**I.   The Content Of Defendants' Notice Is Neutral and Proper**

Although Plaintiff argues that "much of Defendants' notice, and the language in it that differs from Plaintiff's notice, is intended to thwart participation," Plaintiff fails to articulate any specific objectionable language in United Rentals' notice other than the language regarding an opt-in Plaintiff's responsibilities for costs and discovery. (Pl. Resp., p. 1-2.) Yet, courts in this circuit have held that class notices should have such informative language. See, e.g. Bah v. Shoe Mania, Inc., 2009 U.S. Dist. LEXIS 40803, *11-12 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial and/or (4) pay litigation costs.").

1

Moreover, this Court need go no further than a review of Sexton v. Franklin First Fin., Ltd., No 08-CV-04950, 2009 WL 1706535 (E.D.N.Y. June 16, 2009), which is a case *Plaintiff* cited in his brief for proof that Plaintiff's notice is improper. (Pl. Resp., p. 5.) Plaintiff cited Sexton for the proposition that a notice should not include a mention of litigation costs, but Plaintiff conveniently failed to point out that the Sexton court, upon reviewing defendants' objections to the proposed notice, held that the following "reasonable modifications" should be incorporated into the class notice:

- "language stating that opt-in plaintiffs are free to be represented by counsel of their own choosing or by plaintiff's counsel;" . . .

- "language inserted in the introduction section stating that defendants deny the allegations set forth in the complaint;". . .

- "language stating that opt-in plaintiffs *may* be called upon to testify, appear for depositions, and respond to discovery requests".

See id. at *12 (internal citations omitted). United Rentals has the same objections to Plaintiff's notice here.

A recent Second Circuit case – decided just two weeks ago – provides further reason why the putative class should be aware of their litigation obligations, in specific terms, if they opt into the lawsuit. See Myers v. The Hertz Corp., 2010 U.S. App. LEXIS 22098 (2nd Cir. Oct. 27, 2010). The defendant in Myers did not analyze the duties of individual employees when it decided to classify them all as exempt employees under the executive exemption. See id. at *5. The district court, however, still denied plaintiff's motion for conditional certification stating that "the Court finds that Plaintiffs' motion suffers from a fatal flaw that further discovery cannot cure: because liability as to each putative plaintiff depends upon whether that plaintiff

was correctly classified as exempt . . . any collective action would require the Court to make a fact-intensive inquiry into each potential plaintiff's employment situation." Id. at *10 (citing district court's decision). The Second Circuit also noted that federal regulations make clear that questions regarding whether an employee meets the executive exemption "should be resolved by examining the employees' actual job characteristics and duties." Id. at 22-23. Consequently, it is clear that the ultimate question of whether each Operations Managers who opts into this lawsuit is properly classified as exempt will require an individualized inquiry, which of course necessitates individualized discovery like depositions and trial testimony.

Plaintiff's argument that "courts do not require every single opt-in plaintiff to participate in formal discovery" misses the point. (Pl. Resp., p. 5-6.) Although it is unlikely that every opt-in plaintiff will be required to be deposed or testify at trial in this case, it is certain that every opt-in plaintiff has the *potential* to be required to be deposed or testify at trial. As such, the putative class members should be made aware of this potential responsibility.

## II. The Form Of Plaintiff's Proposed Notice Should Not Be Used Because It Is Improperly Based On A Rule 23 Class Action Notice

There are significant differences in the nature and procedures of Rule 23 class actions and FLSA collective actions. In an FLSA collective action, an individual must affirmatively opt in to the action after the action has been certified for collective treatment and putative class members receive notice of the action. 29 U.S.C. § 216(b); see also Vanskikie v. Peters, 974 F.2d at 812-13 (7th Cir. 1992). As such, an individual who "does nothing" in response to a collective action notice is not bound by the collective action and is free to bring her own individual action if she so chooses.

Alternatively, under the Rule 23 class action mechanism, once a class is certified, all individuals who meet the class definition become part of the class unless they affirmatively

opt out of the action. See Vanskike v. Peters, 974 F.2d 806, 812-13. As such, an individual who "does nothing" in response to a Rule 23 class action notice becomes a member of the class and is bound by the litigation outcome and cannot bring her own individual action for the same relevant time period. A Rule 23 class notice will differ from a collective action notice since the due process protections for the putative class are significantly different.

Here, Plaintiff's form notice is not proper, because it is based on a Rule 23 class action notice. See Pl. Resp., Ex. C, p. 3 ("The Court decided that this lawsuit can be a class action . . . because it meets the requirements of Federal Rule of Civil Procedure 23."). It is also notable that Plaintiff altered the Rule 23 form notice to make it overly solicitous. For example, the form that Plaintiff refers to as "proper" does not have the same, extra large, bolded and sensational "**COURT-AUTHORIZED NOTICE**" language that Plaintiff added to the top of his proposed notice. (Compare, Pl. Resp., Ex. A & C.) Thus, Defendants' neutral notice, modeled on a collective action notice used previously in a Connecticut district court collective action, is a more appropriate notice for this case.

### III. Defendants Propose A Notice Period Of 60 Days

Plaintiff's last minute offer to reduce their excessive 90 day opt-in period by a mere 10 days to an 80 day opt-in period (Pl. Resp., 7.) is far from an olive branch of compromise as employment collective actions in this district typically have 45 and 60 day opt-in periods. Indeed, this Court certified a class and collective wage and hour action and used a 60 day opt-in period. See Perkins v. SNET Co., 3:07-cv-967 (JCH), Order Re: Class Notice Form (Doc. 209) (Dec. 3, 2009). Moreover, there was a 60 day notice period in the Sexton case plaintiff cited in their response brief. See Sexton, at *12. Thus, Defendants revise their proposed notice to contemplate a 60 day notice period.

4

### IV. Plaintiff Seeks Improper Information From Defendants

Plaintiff requests the Court to require Defendants to provide unnecessary personal information from the putative class including telephone numbers and Social Security numbers. (Pl. Resp., 7.) Any information beyond employee name and last known address is unwarranted and intrusive, could encourage improper and unauthorized contact, and therefore should not be disclosed. See, e.g., Gordon v. Kaleida Health, No. 08-CV-378S, 2009 U.S. Dist LEXIS 95729, at *31 (W.D.N.Y. Oct 14, 2009) ("[t]he Court agrees that, in the interest of privacy, Kaleida need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses"). United Rentals revised their proposed opt-in consent form to include a place for a phone number, so that the individual opt-in can determine whether they want to provide Plaintiff's counsel with their phone number.

**V. Conclusion**

The Court should exercise its broad discretion and use Defendants' proposed notice, because the content of Plaintiff's notice is improper and the form of Plaintiff's notice is wrongly based on a Rule 23 class notice model. United Rentals attaches to this reply their revised alternative notice and opt-in form that are more appropriate in both form and substance. (See Exhibit A and B.) The revisions to Exhibit A and B are identified in underline in the attached exhibits.[1] United Rentals revised their notice so that the notice period is 60 days. United Rentals also revised their notice to remove the language regarding an opt-in plaintiff's potential obligations for litigation costs even though Courts in this district hold that such language is necessary. United Rentals' revised proposed notice neutrally informs the putative class of the status of the lawsuit and the issues in contention.

    Respectfully submitted,

    DEFENDANTS,
    UNITED RENTALS, INC. and UNITED
    RENTALS (NORTH AMERICA) INC.

    By its attorneys,

    */s/ William J. Anthony*
    William J. Anthony (ct 17865)
    anthonyw@jacksonlewis.com
    David R. Golder (ct 27941)
    golderd@jacksonlewis.com
    Jackson Lewis LLP
    90 Statehouse Square, 8th Floor
    Hartford, CT  06103
    Tel: (860) 522-0404
    Fax: (860) 247-1330

---

[1] For purposes of clarity, United Rentals, Inc. did not employ any Operations Managers. United Rentals (North America) Inc. includes locations in the eastern half of the country and United Rentals Northwest, Inc. includes locations in the western half of the country. United Rentals revised their proposed notice to clarify the corporate structure to the putative class.

CERTIFICATION OF SERVICE

I hereby certify that on November 8, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


/s/ William J. Anthony
William J. Anthony


4828-0489-1656, v. 1