UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREAS AROS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:10-CV-73 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED RENTALS, INC., ET AL., | : | NOVEMBER 10, 2010 |
| Defendants. | : | |

## ORDER RE: CLASS NOTICE FORM

On September 23, 2010, this court granted the Motion for Conditional Certification by Aros.  See Ruling (Doc. No. 43).  In that Ruling, the Court directed United Rentals to brief its objections to the proposed Collective Action Notice that Aros had submitted with his Motion for Conditional Certification.  On October 22, 2010, United Rentals filed the requested briefing, including a proposed Notice and Consent Form.  Doc. No. 48.  On November 2, 2010, Aros filed a Memorandum of Law responding to United Rentals' objections, and Aros submitted a modified Notice that addressed several issues raised by United Rentals.  Doc. No. 49.  On November 4, 2010, Aros also submitted his own proposed Consent Form.  Doc. No. 51.  On November 8, 2010, United Rentals filed its reply.  Doc. No. 52.

The court has reviewed the parties' submissions. The plaintiff is directed to mail the attached Notice and Consent Form to the proposed class by **November 17, 2010**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th day of November, 2010.

                                            /s/ Janet C. Hall_____
                                            Janet C. Hall
                                            United States District Judge

# COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## If you were an Operations Manager employed by United Rentals between July 15, 2007 and the present, please read this notice.

## A collective action lawsuit may affect your legal rights.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

An Operations Manager, Andreas Aros ("named Plaintiff" or "Plaintiff"), has filed this action against United Rentals on behalf of Operations Managers who worked for United Rentals at any time between July 15, 2007 and the present.

The Plaintiff claims that United Rentals improperly classified its Operations Managers as exempt from the Fair Labor Standards Act and that United Rentals therefore owes overtime wages to Operations Managers who worked more than forty (40) hours in any week since July 15, 2007.

United Rentals' position is that its Operations Managers have the job duties, responsibilities, and salaries of exempt employees, and, as such, Operations Managers are properly classified as exempt from overtime requirements.

The court has not ruled on whether Plaintiff Aros or any Operations Managers are improperly classified as exempt. The court has conditionally certified this case as a collective action. The Court may ultimately rule that the prospective collective action members are not similarly situated to Aros and to each other in their job duties and responsibilities. The court may also, once the evidence is in, decide the case in favor of United Rentals.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of recovery that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue United Rentals about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice.** |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of recovery that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue United Rentals separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. Each day you do not take action to protect your claims, they diminish. |

**Questions? Contact Molly Brooks at Outten & Golden LLP at (212) 245-1000.**

- Your options are explained in this notice.  To ask to be included in the lawsuit, you must act before _____(insert 75 days from date notice is sent out)_____.

- If money or benefits are obtained from United Rentals, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that affects your rights.  Please read it carefully.**

**1. Why did I get this notice?**

You are getting this notice because United Rentals' records show that you work or worked for United Rentals as an Operations Manager.  A lawsuit has been brought against United Rentals claiming that Operations Managers were not paid all overtime wages required by law.  The purpose of this notice is to notify you of your right to join this case.  Defendants deny the allegations.  The Honorable Janet C. Hall, United States District Court Judge in the District of Connecticut, is overseeing this collective action.  The lawsuit is known as *Aros v. United Rentals, Inc. et al.*, No. 3:10 CV 00073.

**2. What is this lawsuit about?**

This lawsuit is about whether United Rentals misclassified Operations Managers as exempt employees and should have paid Operations Managers time-and–a-half overtime compensation for hours they worked in excess of 40 in a workweek.

**3. What is a collective action and who is involved?**

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims.  All Operations Managers who decide to participate in the case are "Collective Action Members" or part of a "Collective."  The employee who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs.  The companies that they have sued – United Rentals, Inc. and United Rentals (North America) Inc. – are called the Defendants.  One court resolves the issues for everyone who decides to join the case.

**4. Why is this lawsuit a Collective Action?**

The court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Specifically, the Court preliminarily found that the Plaintiff who filed this lawsuit is "similarly situated" to other Operations Managers employed by United Rentals.

2

**5. What is United Rentals' position?**

United Rentals' position is that its Operations Managers have the job duties, responsibilities, and salaries of exempt employees, and, as such, Operations Managers are properly classified as exempt from overtime compensation requirements.

**6. Has the Court decided who is right?**

The Court has not decided whether United Rentals or the Plaintiffs are correct. By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

**7. What are the Plaintiffs asking for?**

Plaintiffs are seeking to recover overtime wages they believe are due to them. Plaintiffs also are seeking recovery of double liquidated damages, attorneys' fees, and costs.

**8. Can I join this lawsuit?**

To be eligible to join this lawsuit, you must have been employed by United Rentals as an Operations Manager at any time since July 15, 2007.

**9. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, UnitedRentalsOvertimeCase@outtengolden.com. If you call or write, you should refer to the United Rentals Overtime Case.

**10. What happens if I do nothing at all?**

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment, or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

**11. What happens if I join the lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff as your representative, and to the fullest extent possible, you designate the named Plaintiff to

3

make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiff will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, to appear for depositions, or to testify at trial.

**12. Can United Rentals and/or my current employer retaliate against me if I join the lawsuit?**

<u>It is a violation of federal law for United Rentals or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.</u>  If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiff's lawyers or any other lawyer of your choosing.

**13. How do I ask the Court to include me in the case?**

Enclosed is a form called "Consent to Join."  **If you choose to join this lawsuit, it is very important that you read, sign, and promptly return the Consent to Join form**.  An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**United Rentals Overtime Case
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016**

You can also fax the Consent to Join form to (212) 977-4005, or scan and email it to UnitedRentalsOvertimeCase@outtengolden.com.

The signed Consent to Join form must be postmarked by <u>[75 days from mailing of this Notice]</u> .  **If your signed Consent to Join form is not postmarked by <u>[75 days from mailing of the Notice]</u>, you will not be allowed to participate in this lawsuit, or share in a monetary recovery, and you will not be bound by any settlement or judgment.**

**14. Do I have a lawyer in this case?**

If you choose to join this lawsuit, you will be represented by Justin M. Swartz, Molly A. Brooks, and other lawyers at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com. You also have the right to have your own lawyer or to represent yourself in this case.

**15. Should I get my own lawyer?**

You do not need to hire you own lawyer because Plaintiff's Counsel will be working on your behalf.

4

**16. How will the lawyers be paid?**

The named Plaintiff has entered into a contingency fee agreement with Plaintiff's counsel, which means that if you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiff's counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The court may also be asked to determine the amount of attorneys' fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the court to be separately paid by United Rentals, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified above.

**Questions? Contact Molly Brooks at Outten & Golden LLP at 212-245-1000 or
UnitedRentalsOvertimeCase@outtengolden.com.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| ANDREAS AROS, individually and on behalf of other similarly situated individuals,:<br>     Plaintiff, | :<br>:<br>: |
| v. | :  CIVIL ACTION NO. 3:10-CV-73 (JCH)<br>:<br>: |
| UNITED RENTALS, INC., ET AL.,<br>     Defendants. | :<br>:<br>: |

**IF YOU WISH TO PARTICIPATE IN THE LAWSUIT,
YOU MUST COMPLETE AND RETURN THIS FORM BY
5:00 P.M. (E.D.T.) ON [date 75 days from mailing date]**

**CONSENT TO JOIN**

I work for United Rentals (North America) Inc. ("United Rentals") as an Operations Manager, <u>or</u> I worked for United Rentals as an Operations Manager at some time between July 15, 2007 and the present.  As an Operations Manager, I worked more than forty (40) hours in at least one work week between July 15, 2007 and the present.

I choose to participate in the Fair Labor Standards Act ("FLSA") collective action lawsuit entitled *Aros* v. *United Rentals, Inc. and United Rentals (North America) Inc.,* Case No. 3:10-CV-00073 (D. Conn.).  I understand that this lawsuit claims that United Rentals improperly classified Operations Managers as exempt from the Fair Labor Standards Act.  I also understand that this lawsuit seeks any overtime wages that I may be owed.

By signing and returning this consent form, I hereby designate Outten & Golden LLP and the Hayber Law Firm, LLC to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Full Legal Name (print) _____

*Address _____

*City, State, and Zip _____

*Telephone Number _____     *E-mail Address _____

Signature: _____     Date _____

\* You do not have to provide this information in order to participate. If you do provide it, it is only for your attorneys.  It will be covered over when filed in court.

**Questions? Contact Molly Brooks at Outten & Golden LLP at (212) 245-1000.**