**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| ANDREAS AROS ET AL., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:10-CV-73 (JCH) |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED RENTALS, INC., ET AL., | : | OCTOBER 31, 2011 |
| Defendants. | : |  |

**RULING RE: PLAINTIFFS' MOTION TO STRIKE**
**DEFENDANTS' AFFIRMATIVE DEFENSES [Doc. No. 119]**

**I.     INTRODUCTION**

Plaintiffs Andrea Aros and Charles Plomteaux bring this case on their own behalf

and on behalf of current and former Operations Managers and Inside Sales

Representatives against United Rentals, Inc., and United Rentals (North America) Inc.

(collectively "United Rentals"), alleging violations of the Fair Labor Standards Act, 29

U.S.C. §§ 201 et seq. numerous provisions of California labor law and California unfair

competition law.  Plaintiffs now move to strike twenty-one of defendants' forty-two

affirmative defenses under Federal Rule of Civil Procedure 12(f), arguing that some of

the defenses lack factual support and that others are immaterial as a matter of law.

**II.     BACKGROUND**

Plaintiff Andrea Aros first filed this action against his former employers,

defendants United Rentals, Inc., and United Rentals (North America) Inc. (collectively,

"United Rentals") on January 15, 2010, alleging that United Rentals failed to pay him

overtime wages in violation of the Fair labor Standards Act ("FLSA"), 29 U.S.C. §

207(a)(1).  See Compl. (Doc. No. 1).  On September 23, 2010, this court granted Aros's

Motion for Conditional Certification of FLSA Collective Action, See Ruling (Doc. No. 43),

and with leave of this court on April 25, 2011, Aros and Charles Plomteaux filed an Amended Complaint on their own behalf and on behalf of current and former Operations Managers and Inside Sales Representatives, alleging violations of the FLSA and of numerous provisions of California labor law and California unfair competition law. See First Am. Class and Collective Action Compl. (Doc. No. 116) ("Am. Compl.") 9-15 (alleging violations of Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; Cal Wage Order No. 4; Cal. Lab. Code §§ 201-03, 218.5, 226, 226.7, 510, 512, 1174, 1174.5, 1194; and Cal. Bus. & Prof. Code § 17200 et seq.). Plaintiffs allege that United Rentals has deprived plaintiffs of overtime pay to which they are entitled under federal and California law, and that United Rentals has deprived California plaintiffs of back pay, accurate records of hours worked, and breaks during shifts longer than five hours to which they are entitled under California law. Am. Compl. 9-15.

On May 9, 2011, United Rentals timely answered plaintiffs' Amended Complaint and raised forty-two affirmative defenses. See Defs.' Answer and Affirm Defenses (Doc. No. 117) ("Defs.' Answer"). On May 31, 2011, plaintiffs filed the instant Motion to Strike Defendants Affirmative Defenses under Federal Rule of Civil Procedure 12(f), arguing that some of the defenses lack factual support, and that others are immaterial as a matter of law. Mot. to Strike Defs.' Affirmative Defenses (Doc. No. 119) ("Pls.' Mot. to Strike").

## III.    STANDARD FOR STRIKING AFFIRMATIVE DEFENSES

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  Motions to strike affirmative defenses are generally disfavored.

See, e.g. MTA Metro-North R.R. v. Buchanan Marine, No. 3:05-CV-881-PCD, 2006 WL 3544936 at *3 (D. Conn. Dec. 8, 2006) (citing William Z. Salcer, Panfeld, Edelman v. Envicon Equities, 744 F.2d 935, 938-39 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986)).  Courts in this district have adopted a demanding test for plaintiffs to prevail on a motion to strike affirmative defenses.  "'Plaintiffs must establish that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.'"  Marshall v. New Horizons, No. 3:08-CV-633-JBA, 2009 WL 2983169 at *1 (D. Conn. Sept. 14, 2009) (quoting MTA Metro-North R.R., 2006 WL 3544936 at *3; see also D'Agostino v. Housing Authority, No. 3:05-CV-1057-PCD, 2006 WL 1821355 at *1 (D. Conn. June 30, 2006).

Plaintiffs argue that this court should apply the heightened standard for pleading enunciated in Bell Atlantic Corp. v. Twombly, 550 U.S. 547 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009) to affirmative defenses.  See Pls.' Mot. to Strike 4 (citing, inter alia, Schechter v. Comptroller of New York, 79 F.3d 265, 270 (2d. Cir. 1996), for the proposition that the pleading rule of Twombly and Iqbal applies to affirmative defenses).  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether a plaintiff has stated a legally cognizable claim by making allegations that, if true, would show she is entitled to relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'").

The Second Circuit has not addressed the applicability of Twombly and Iqbal to affirmative defenses, nor has any circuit court, nor have courts in this district ruled on

3

that question.[1]  In Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp. 2d 620

(S.D.N.Y. 2008), the court first examined Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

rev'd, Ashcroft v. Iqbal, 556 U.S. 662 (2009), to hold that Twombly did not announce a

universal standard of heightened pleading, but rather a flexible standard that requires

only enough to make the claim plausible.  Aspex, 531 F. Supp. 2d at 622.  The Aspex

court went on to hold that "[t]he standard on a motion to dismiss also applies to a motion

to dismiss a counterclaim pursuant to Rule 12(b)(6) and a motion to strike an affirmative

defense pursuant to Rule 12(f)."  Id. (citing FSP, Inc. v. Societe Generale, No. 02 Civ.

4786 (GBD), 2005 WL 475986, at *7-8 (S.D.N.Y. Feb. 28, 2005)).[2]  Other district courts

in this Circuit have cited Aspex Eyewear for the proposition that Twombly "governs the

sufficiency of the pleading of affirmative defenses."  E.E.O.C. v. Kelly Drye & Warren,

LLP, No. 10 Civ. 665 (LTS), 2011 WL 3163443 at *2 (S.D.N.Y. July 25, 2011); see also

Burck v. Mars et al., 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008) (citing Aspex); In re

Montagne, Bankr. No. 08-10916, 2010 WL 424224 at *4 (D. Vt. 2010) (same); Tracy v.

NVR, Inc., No. 04-CV-6514-L, 2009 WL 3153150 at *7 (W.D.N.Y. 2009) (same).  District

courts outside of this Circuit have divided on whether to apply Twombly and Iqbal to the

pleading of affirmative defenses.  See 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1274

(3d ed. 2011) (noting disagreement among courts); see also Lane v. Page, 272 F.R.D.

---

[1] Several cases decided in this district after Twombly and Iqbal have applied the familiar standard to motions to strike affirmative defenses under Rule 12(f) without mentioning the Supreme Court cases or deciding that they do not apply.  See, e.g., New England Health Care Emps. Welfare Fund et al. v. iCare Mgmt. et al., No. 10-CV-894-CSH, 2011 WL 1643274 (D. Conn. May 2, 2011); Ryan v. Law Offices Howard Lee Schiff et al., No. 10-CV-1873-CSH, 2011 WL 1060287 at *2 (D. Conn. Mar. 23, 2011); Marshall et al. v. New Horizons, Inc., 8-CV-633-JBA, 2009 WL 2983169 at *1 (D. Conn. Sept. 14, 2009).

[2] The Aspex court's reliance on Iqbal v. Hasty does not necessarily undermine its reasoning in applying the same standard to affirmative defenses as motions to dismiss, but because the court's reasoning on that point is not evident, it is difficult to evaluate in light of the Supreme Court's decision in Ashcroft v. Iqbal.  See Aspex, 531 F. Supp. 2d at 622.

581, 589 n.5 (D.N.M. 2011) (collecting cases extending the standard enunciated in Twombly and Iqbal to affirmative defenses); id. at 590 n.6 (collecting cases declining to apply the standard enunciated in Twombly and Iqbal to affirmative defenses).

This court concludes that the reasoning in Twombly and Iqbal does not apply to Rule 12(f) motions.  First, in Twombly, and then in Iqbal, the Supreme Court placed great reliance on the Rule 8(a)(2) requirement that a pleading must show that the pleader is entitled to relief.  See Fed.R.Civ.P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"); Twombly, 550 U.S. at 556 n.3; Iqbal, 129 S.Ct. at 1950.  In contrast, Rule 8(c)(1), which governs the pleading of affirmative defenses, requires that "a party must affirmatively state any avoidance or affirmative defense."  Fed.R.Civ.P. 8(c)(1).  See Lane, 272 F.R.D. at 593 (analyzing the differences between Rules 8(a) and 8(b) to find that Twombly and Iqbal do not apply to affirmative defenses); First Nat'l Ins. v. Camps Servs., No. 08-CV-12805, 2009 WL 22861 at *2 (E.D. Mich. Jan 5., 2009) (noting the difference in language to support a finding that Twombly does not apply to affirmative defenses).  Moreover, the Supreme Court's reasoning in both Twombly and Iqbal reveal the Court's underlying concern: allowing unfounded cases to survive motions to dismiss and proceed to costly discovery.  See, e.g., Twombly, 550 U.S. at 558; Iqbal, 129 S.Ct. at 1953-54 (emphasizing the costs of diverting defendant government's resources to any discovery at all, even where that discovery might be minimally intrusive).  See also Lane, 272 F.R.D. at 596 ("[D]eciding whether a complaint survives a motion to dismiss may determine whether discovery will occur at all, whereas an affirmative defense at most affects the scope of discovery").

Finally, two functional arguments support the decision not to apply <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses. First, because plaintiffs' time to prepare pleadings is limited only by the statute of limitations, whereas defendants' time is limited to twenty-one days, it makes sense that plaintiffs' claims would be required to meet a higher standard than defendants' affirmative defenses. <u>See</u> Fed.R.Civ.P.12(a)(1)(A)(i); <u>see also</u> <u>Lane</u>, 272 F.R.D. at 596. Second, a motion to dismiss can resolve a case and avoid discovery entirely, whereas a motion to strike an affirmative defense can only prolong pre-discovery motion practice.[3] Raising the standard for pleading affirmative defenses would encourage motions to strike, which are disfavored. <u>See</u> <u>MTA Metro-North R.R. v. Buchanan Marine</u>, No. 3:05-CV-881-PCD, 2006 WL 3544936 at *3 (D. Conn. Dec. 8, 2006). Such a decision would undermine <u>Twombly</u> and <u>Iqbal</u>, both of which attempt to impose a heightened standard of pleading to limit wasteful expansions of litigation costs.

For all of the above-stated reasons, this court declines to apply the heightened standard of <u>Twombly</u> and <u>Iqbal</u> to motions to strike affirmative defenses.

**IV.     DISCUSSION**

A.     Withdrawn Defenses

Both parties note that defendants have agreed to withdraw eight of the affirmative defenses at issue. <u>See</u> Pls.' Mot. to Strike 2; Defs.' Mem. in Opp'n to Pls.' Mot. to Strike Affirmative Defenses (Doc. No. 127) ("Defs.' Opp'n") 3. The court will treat this agreement between the parties as an agreed-to motion to withdraw defendants' eighth defense (failure to mitigate), ninth defense (unclean hands), tenth

---

[3] The court wonders at how much energy and expense was invested in the filing of, and opposition to, the instant Motion, which energy and expense could better be put to matters that would advance the determination of the merits of the case. <u>See</u> Fed.R.Civ.P. 1.

defense (laches, waiver, and estoppel), eighteenth defense (failure to exhaust administrative remedies), twenty-second defense (release and waiver), twenty-third defense (settlement and release), twenty-fourth defense (proximate cause), and twenty-seventh defense (consent to pay system).  This Motion is **GRANTED**.

B.    Defenses Allegedly Factually Insufficient

1.    Second Defense: Failure to Plead a Prima Facie Case

Plaintiffs argue that the Second Affirmative Defense is insufficient because it fails to identify the factual deficiency alleged.  It is well settled, however, that a party may include failure to state a claim as an affirmative defense in its answer, and that such a defense is "'invulnerable as against the [12(f)] motion.'"  See MTA Metro-North R.R. v. Buchanan Marine, No. 3:05-CV-881-PCD, 2006 WL 3544936 at *4 (D. Conn. Dec. 8, 2006) (citing S.E.C. v. Toomey, 866 F. Supp. 719, 723 (S.D.N.Y. 1992)).  Furthermore, there is no indication that United Rentals will be prejudiced by the inclusion of this defense.  Therefore, plaintiffs' Motion to Strike United Rentals' second defense is **DENIED**.

2.    Fifth Defense: Plaintiffs are Exempt Under Relevant Laws

Plaintiffs argue that United Rentals plead that statutory exemptions apply.  See Pls.' Mot. to Strike 6 (citing Wright v. Aargo Security Services, No. 99-CV-9115-CSH, 2001 WL 91704 at *2 (S.D.N.Y. Feb. 2, 2001)).  In Wright, the defendant had pled that plaintiff was exempt from the FLSA and state labor laws because of his status as a white collar employee.  Wright, 2001 WL 91704 at *2.  The court rejected plaintiff's argument that defendant had waived exemption as an affirmative defense, and held that

the defendant had sufficiently identified the applicable exemption as "white collar," which was "specific enough to pass muster." Id. at *3.

In this case, United Rentals has identified several relevant exemptions by name. See Defs.' Answer 4 (identifying "outside salespeople, retail salespeople, executive, professional, and/or administrative exemptions").[4]  Therefore, plaintiffs' Motion to Strike United Rentals' fifth defense is **DENIED**.

> 3.  Seventh, Sixteenth, Seventeenth, and Thirty-Sixth Defenses: All Wages Were Paid; Activities Alleged Are Non-Compensable; Plaintiffs Have Been Properly Paid; Plaintiffs Are Not Entitled to Overtime.

Plaintiffs move to strike United Rentals' seventh, sixteenth, seventeenth, and thirty-sixth defenses on the ground that defendants have not provided sufficient facts to support their assertions.  See Pls.' Mot. to Strike 7-8.  While these defenses are spare and potentially repetitive, they go to the heart of the issues in this case: there are clearly questions of law and fact that make them potentially viable, and these questions go to the heart of plaintiffs' case.  It is therefore difficult to see how plaintiffs' sole claim of prejudice—that they will be burdened by the scope of discovery—would be relevant to these defenses.  Therefore, plaintiffs' Motion to Strike United Rentals' seventh, seventeenth, and thirty-sixth defenses is **DENIED**.

> 4.  Twelfth and Thirteenth Defenses: Uncompensated Time Was De Minimis; Defendants are Entitled to an Offset or Credit

Plaintiffs move to strike United Rentals' twelfth and thirteenth defenses on the ground that defendants have not provided sufficient facts to support their assertions.

---

[4] Plaintiffs further argue that United Rentals must "allege all facts supporting that allegation."  Pls.' Mot. to Strike 7 (citing Khan v. IBI Armored Services, 474 F. Supp. 2d 448, 456 (E.D.N.Y. 2007).  Insofar as that case demands more from a defendant, it is in the context of the burden of proof to the tribunal deciding questions of fact.  Reliance on that case in this context is at best misplaced.

See Pls.' Mot. to Strike 7-8. Each of these defenses, if true, would entitle United

Rentals to relief. See, e.g., Albrecht v. Wackenhut Corp., 379 Fed. Appx. 65, 67 (2d

Cir. 2010) (finding de minimis activities non-compensable); Harold Levinson Assocs. v.

Chao, 37 Fed. Appx. 19, 22 (2d Cir. 2002) (recognizing that F.L.S.A. defendants may be

credited for some overpayments pursuant to 29 U.S.C. § 207(h)). These portions of

United Rentals' Answer put plaintiffs on notice of the legal claims at issue. Therefore,

plaintiffs' Motion to Strike United Rentals' twelfth and thirteenth defenses is **DENIED**.

> 5. Thirty-Fifth Defense: Plaintiffs Failed to Meet Defendants' Realistic
> Expectations

United Rentals' thirty-fifth defense alleges that "Plaintiffs' First Amended

Complaint as a whole, and each purported cause of action alleged therein, is barred

because Plaintiffs and the alleged putative class members failed to meet Defendants'

realistic expectations, and the realistic requirements of the position." Defs.' Answer 20.

Plaintiffs' argue that this defense is unclear. Pls.' Mot. to Strike 10-11.

In response, United Rentals cites Ramirez v. Yosemite Water, 20 Cal. 4th 785,

802 (Cal. 1999). At issue in Ramirez is the definition of "outside salesperson" under the

California regulation that provides an exemption for workers who meet the definition.

Ramirez, 20 Cal. 4th at 795. As part of the determination, the Supreme Court of

California instructed trial courts to consider "how the employee actually spends his or

her time. But the trial court should also consider whether the employee's practice

diverges from the employer's realistic expectations . . . ." Id. at 802. It is unclear how

plaintiffs' failure to perform adequately would constitute a valid defense in this case.

Defendants have already raised the claim that plaintiffs are exempt from overtime as

outside salespeople. See Defs.' Answer 6. Because this court cannot determine how

this allegation would constitute a legal or factual defense, plaintiffs' Motion to Strike

United Rentals' thirty-fifth defense is **GRANTED**.

        C.      Defenses Allegedly Immaterial

        1.      Eleventh Defense: Portal-to-Portal Act

United Rentals claims that plaintiffs' claims are barred "to the extent Plaintiffs

seek compensation for activities that are non-compensable under the Portal to Portal

Act, including 29 U.S.C. § 254(a)." Defs.' Answer 16. The Portal-to-Portal Act provides

an exemption to the FLSA overtime requirements for activities preliminary and post-

liminary to employees' principal activities. 29 U.S.C. § 254(a). Plaintiffs argue that this

defense is immaterial because the plaintiffs have "made no such allegations." Pls' Mot.

to Strike 10.

There exists a question of fact as to whether any of the pay that plaintiffs claim

has been illegally withheld is for activities that are non-compensable under the Portal-to-

Portal Act. Therefore, plaintiffs' Motion to Strike United Rentals' eleventh defense is

**DENIED**.

        2.      Fourteenth Defense: Plaintiffs Are Not Entitled to Attorneys' Fees

Plaintiffs contend that this defense should be stricken, as attorneys' fees are

provided under the state and federal statutes at issue. Pls.' Mot. to Strike 11. United

Rentals argues that its defense does not constitute a blanket denial, "but rather a

defense that Plaintiffs are only entitled to 'a reasonable attorney's fee' if they are

successful in this action." Defs.' Opp'n 12 (citing 29 U.S.C. § 216(b)). Insofar as this

court finds United Rentals' argument plausible, it finds this attempt to limit attorneys'

fees to <u>reasonable</u> attorneys' fees is not a proper affirmative defense, as plaintiffs would

bear the burden of proving the reasonableness of attorneys' fees.  See, e.g., Rivera v.

Corporate Receivables, 540 F. Supp. 2d 329, 337 (D. Conn. 2008).  The plaintiffs'

proper remedy, however, is not a motion to strike.  See, e.g., Etienne v. Wal-Mart

Stores, 197 F.R.D. 217, 220-21 (D. Conn. 2000) (where an affirmative defense serves

only to negate an element of plaintiff's claim, it should not be considered an affirmative

defense, but should be treated as a specific denial rather than struck).  This court

therefore **DENIES** plaintiffs' Motion to Strike this portion of United Rentals' Answer.

        3.      Thirty-Eighth Defense: Plaintiffs' Claims Are Unconstitutionally
                    Vague and Unconstitutionally Excessive

United Rentals asserts that "[p]laintiffs' claim for penalties for each pay period for

which Plaintiffs and the alleged putative class members allegedly were underpaid

wages is unconstitutionally vague."  Defs.' Answer 21.  "The Due Process Clause of the

Fourteenth Amendment requires that laws be crafted with sufficient clarity to 'give the

person of ordinary intelligence a reasonable opportunity to know what is prohibited" and

to "provide explicit standards for those who apply them."  Betancourt v. Bloomberg, 448

F.3d 547, 552 (2d Cir. 2006) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108,

(1972).  United Rentals has not identified any particular statute or portion of a statute as

vague, nor any act or behavior the legality of which it claims to be unknowable.  So

lacking in specificity, this defense fails to provide plaintiffs with any notice of the legal or

factual allegations being challenged.  United Rentals may replead this defense if it is

able to set forth the legal or factual bases for it such that plaintiffs would be on notice.

United Rentals also claims that "[p]laintiffs' claim for penalties . . . [is]

unconstitutional as excessive and double fines, under the California Constitution and

the United States Constitution."  Defs.' Answer 21.  Plaintiffs correctly assert that the

Eighth Amendment's ban on excessive fines does not apply in a civil case between private parties. See Browning-Ferris Indus. v. Kelco Disposal, 492 U.S. 257, 264 (1989) (holding that the Eighth Amendment "does not constrain an award of money damages in a civil suit when the government neither has prosecuted the action nor has any right to receive a share of the damages awarded"); see also Fenlon v. Brock, 264 Cal. Rptr. 324, 329 (Cal. Ct. App. 1989), abrogated on other grounds by Adams v. Murakami, 813 P.2d 1348, 1354 (Cal. 1991). Therefore, plaintiffs' Motion to Strike United Rentals' thirty-eighth defense is **GRANTED**.

## V.  CONCLUSION

For the reasons discussed above, the parties' agreed-to Motion to Withdraw United Rentals' eighth, ninth, tenth, eighteenth, twenty-second, twenty-third, twenty-fourth, and twenty-seventh defenses is **GRANTED**. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [Doc. No. 122] is **DENIED** with respect to United Rentals' second, fifth, seventh, eleventh, twelfth, thirteenth, fourteenth, sixteenth, seventeenth, thirty-sixth, and **GRANTED** with respect to United Rentals' thirty-fifth and thirty-eight defenses.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of October, 2011.


    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge